IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                   No. 1:12-cr-10094-JDB-3

DAVID HARRIS,

    Defendant.

_____

ORDER DETERMINING DEFENDANT HAS ESTABLISHED GOOD CAUSE OR
EXCUSABLE NEGLECT WARRANTING AN EXTENSION OF THE APPEAL PERIOD
_____

      On July 16, 2021, this Court entered an order denying on the merits the pro se request of the Defendant, David Harris, for compassionate release. (Docket Entry ("D.E.") 284.) Harris filed a notice of appeal, which was docketed August 18, 2021. (D.E. 285.) Before the Sixth Circuit, the Government argued, among other things, that the appeal was untimely as the notice was not filed within fourteen days of this Court's order. (*See* D.E. 287 at PageID 1610.) In a ruling entered February 16, 2022, the appellate court concluded that the notice of appeal, deposited in the prison mail system on August 10, 2021, was indeed approximately eleven days late. (*See id.* at PageID 1611.) However, under Rule 4(b)(4) of the Federal Rules of Appellate Procedure, a district court may extend the time for filing a notice of appeal for an additional thirty days on a finding of good cause or excusable neglect. Harris's notice of appeal, which was filed within that thirty-day period, should, the appeals court determined, be treated as a motion under Rule 4(b)(4). (*See id.*) The circuit court remanded this matter to the undersigned for the limited purpose of deciding whether Defendant could show excusable neglect or good cause warranting an extension of the appeal period. As the parties have briefed the issue, it is ripe for disposition.

1

"Good cause will be found where forces beyond the control of the appellant prevented him . . . from filing a timely notice of appeal." *United States v. Hills*, 27 F.4th 1155, at *3 (6th Cir. 2022) (quoting *Nicholson v. City of Warren*. 467 F.3d 525, 526 (6th Cir. 2006)) (brackets omitted). "The good cause standard applies in situations in which there is no fault—excusable or otherwise." Fed. R. App. P. 4, advisory committee notes (2002 Amendments); *see also United States v. Jeffery*, Case No. 1:14-cr-20427-1, 2021 WL 4804685, at *2 (E.D. Mich. Oct. 14, 2021).

Excusable neglect applies where there is fault. Fed. R. App. P. 4, advisory committee notes (2002 Amendments); *see also Jeffery*, 2021 WL 4804685, at *2.

> Excusable neglect is determined by balancing several factors: the danger of prejudice to the other party; the length of the delay and potential impact on the proceedings; the reason for the delay, including whether it was within the party's reasonable control; and whether the movant acted in good faith.

*Hills*, 27 F.4th at *3 (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). A court's decision on whether a litigant's neglect of a deadline is excusable "is at bottom an equitable one[.]" *Pioneer Inv. Servs.*, 507 U.S. at 395.

In support of the required showing, Defendant has submitted to the Court a letter from T. Anthony, Correctional Service Case Manager at Federal Correctional Complex, Coleman, Florida, where he is incarcerated, which states in pertinent part:

> Inmate Harris . . . received legal notification from J/K Unit Team, during Institutional lockdown. This process created a time-lapse in where a prompt response could not be provided to the inmate thereby delaying the natural course. Consequently, we are requesting you grant inmate Harris . . . an extension and afford him the opportunity to continue with his administrative legal process in the courts.

(D.E. 288-1 at PageID 1614.) The Government has advised the Court that it has no objection to a finding of good cause or excusable neglect. (*See* D.E. 290.)

Based upon the proffered explanation for the delay by prison officials, which the Government does not challenge, the Court finds that good cause has been established. Moreover, even if Harris were at fault, his neglect would be excusable as the *Pioneer* factors weigh in his favor: the Government does not contend it has suffered any prejudice resulting from the delay, the eleven-day delay was of short duration, the delay appears to have had little impact on the judicial proceedings, the Defendant has offered a legitimate cause for the delay, and there is nothing to suggest Harris did not act in good faith.

In light of the Court's determination that Defendant has established good cause and, alternatively, excusable neglect, supporting an extension of the appeal period, his notice of appeal was timely under Rule 4(b)(4).

The Clerk is DIRECTED to forward copies of this order to the Sixth Circuit Court of Appeals and to the Defendant at the prison facility address listed on the docket.

IT IS SO ORDERED this 31st day of March 2022.

s/ J. DANIEL BREEN<br>
UNITED STATES DISTRICT JUDGE